# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

DENNIS CALVIN WARREN                                                              PLAINTIFF
ADC #94167

V.                                  NO: 4:11CV00702 JMM/HDY

LADONNA M. MILLIGAN *et al.*                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Dennis Calvin Warren, currently incarcerated at the Wrightsville Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), on September 23, 2011, alleging that he was subjected to a retaliatory disciplinary charge. On August 7, 2012, Defendant Ladonna M. Milligan filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #24-#26).[1] Plaintiff filed a response on September 10, 2012 (docket entry #28).

## **I. Screening**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

---

[1] Plaintiff's claims against the State of Arkansas were dismissed with prejudice on October 20, 2011 (docket entry #8).

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

Defendant asserts that she is entitled to summary judgment because the disciplinary charge was imposed for actual rule violations.  Defendant also contends that Plaintiff failed to properly exhaust his administrative remedies, and that she is entitled to sovereign immunity in her official capacity.  Although Defendant has not sufficiently proven lack of exhaustion, Plaintiff cannot maintain a retaliatory discipline claim when the discipline was imposed for acts he was not entitled to perform, and his complaint should therefore be dismissed.

On April 25, 2011, Plaintiff requested a grievance form from Defendant, which she provided after a period of time.  The following evening, Plaintiff repeatedly tried to engage Defendant in conversation, and was ordered several times to return to his bed.  Later, at approximately 1:30 a.m., presumably on April 27, Defendant observed Plaintiff again out of bed, watching her, and masturbating.  On April 27, 2011, Defendant wrote Plaintiff a disciplinary charge based on the events of April 26-27.  Plaintiff challenged the disciplinary charge in a hearing, where hearing officer Justine M. Minor found him guilty of being out of his place of assignment, and failure to

obey staff orders (docket entry #24-2). Plaintiff's appeals were fruitless.

The United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). In reaching that conclusion, the Court cited with approval the Eighth Circuit decision of *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), which held that "[t]he sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials." Minor made her decision after hearing Plaintiff's statement, and accepting Milligan's report. Minor was not involved in the underlying event, and there is no evidence she was biased in any way. *See McMaster v. Pung*, 984 F.2d 948, 952 (8th Cir. 1993)(no factual basis for inmate's claim of bias; no hearing officer involved in underlying event). Accordingly, Plaintiff received due process in his hearing.

Because Plaintiff received due process in his hearing, the guilty finding precludes any claim that Milligan's disciplinary charge was retaliatory. The Eighth Circuit has held that "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform." *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). More recently, the Court has reiterated that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). *See also Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145

(1995). Accordingly, Defendant's motion should be granted, and Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion for summary judgment (docket entry #24) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   24   day of September, 2012.

                                              UNITED STATES MAGISTRATE JUDGE